IN THE UNITED STATES DISTRICT COURT
DIVISION OF ST. CROIX
****************************

| | |
|---|---|
| LEIDOS HEALTH, LLC, | CIVIL ACTION |
| Plaintiffs, | DOCKET NO._____ |
| v. | |
| GOVERNOR JUAN F. LUIS MEDICAL CENTER, | |
| Defendant. | |

## COMPLAINT

This is a diversity action for breach of contract, quantum meruit, and unjust enrichment for failure of the Defendant to pay for contracted goods and services from the Plaintiff. The Plaintiff seeks damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1400(b) because the Defendant engaged in significant business activities in this District, and the acts complained of happened in this District.

## PARTIES

3. The Plaintiff, Leidos Health, LLC ("the Plaintiff"), is a Limited Liability Company with a principal place of business in Indiana in the business of providing Information Technology services with deep clinical and technical experience to hospitals and health systems.

4. The Defendant, Governor Juan F. Luis Medical Center ("the Defendant"), is a public hospital located in St. Croix, Virgin Islands.

*Leidos Health, LLC v. Governor Juan F. Luis Medical Center*        Case No.:_____
Complaint        Page 2

## FACTS

5. In or about December 2013, the Parties entered into a Master Services Agreement pursuant to which the Defendant agreed to pay the Plaintiff for the services, resources, and third-party software, equipment, and services provided under a Work Order on time and materials in accordance with the rates and prices set forth in each Work Order. A copy of the Agreement is attached hereto as Exhibit A (Bates Nos. 000201-000206).

6. The Master Services Agreement provided that payment was to be paid within 30 days from receipt of invoice.

7. The Master Services Agreement further provided for the recovery of attorney's fees in the event that either party sued the other in connection therewith.

8. By Work Order Extension dated November 2015, the Defendant hired the Plaintiff to continue providing Financial NPR Report Writer Services to it at the rate of $135.00 per hour, payable 30 days after invoicing. A copy of the Work Order is attached hereto as Exhibit B (Bates Nos. 000211-000212).

9. By Work Order Extension dated January 2016, the Defendant hired the Plaintiff to continue providing Meditech Financial Analyst Services to it at the rate of $135.00 per hour, payable 30 days after invoicing. A copy of the Work Order is attached hereto as Exhibit C (Bates Nos. 000109-000111).

10. By Work Order Extension dated January 2016, the Defendant hired the Plaintiff to continue providing Meditech ORM Analyst Services to the Plaintiff at the rate of $120.00 per hour and payable within 30 days of receipt. A copy of the Work Order is attached hereto as Exhibit D (Bates Nos. 000213-000214).

11. By Work Order Extension dated February 2016, the Defendant hired the Plaintiff to continue providing Meditech MIS Access/Menu Rebuild Services to it at the rate of

*Leidos Health, LLC v. Governor Juan F. Luis Medical Center*  Case No.:_____
Complaint  Page 3

$120.00 per hour, payable 30 days after invoicing. A copy of the Work Order is attached hereto as Exhibit E (Bates Nos. 000115-000117).

12. By Work Order Extension dated March 2016, the Defendant hired the Plaintiff to continue providing Meditech Financial Analyst Services to it at the rate of $135.00 per hour, payable 30 days after invoicing. A copy of the Work Order is attached hereto as Exhibit F (Bates Nos. 000125-000126).

13. By Work Order Extension dated March 2016, the Defendant hired the Plaintiff to continue providing Meditech services to the Defendant at the rate of $135.00 per hour, payable 30 days after invoicing. A copy of the Work Order is attached hereto as Exhibit G (Bates Nos. 000127-000128).

14. By Work Order Extension dated September 2016, the Defendant wanted to continue to engage the Plaintiff to provide Meditech ORM Analyst services at the rate of $120.00 per hour, payable within 30 days of receipt of the invoice. A copy of the Work Order is attached hereto as Exhibit H (Bates Nos. 000131-000132).

15. By Work Order Extension dated September 2016, the Defendant wanted to continue to engage the Plaintiff to provide Meditech Financial Analyst services at the rate of $135.00 per hour, payable within 30 days of receipt of the invoice. A copy of the Work Order is attached hereto as Exhibit I (Bates Nos. 000209-000210).

16. By Work Order Extension dated November 2016, the Defendant wanted to continue to engage the Plaintiff to continue to provide Meditech Financial Analyst services to the Plaintiff. The rate agreed upon was $135.00 per hour, with invoices to be billed on a bi-weekly basis and payment being due within thirty (30) days of receipt. A copy of the Work Order is attached hereto as Exhibit J (Bates Nos. 000135-000136).

17. The Plaintiff performed all work requested and required of it under the Agreements with the Defendant.

*Leidos Health, LLC v. Governor Juan F. Luis Medical Center*   Case No.:_____
Complaint   Page 4

18. The Plaintiff duly billed the Defendant in accordance with the terms of the Master Services Agreement and Work Order Extension Agreements.

19. The Defendant failed to make timely and/or complete payments on the invoices when and as billed.

20. In or about March 2017, the Plaintiff sent the Defendant a Past Due Notice in the amount of $392,257.91. A copy of the Past Due Notice is attached hereto as Exhibit K (Bates Nos. 000207-000208).

21. The Defendant failed and refused to pay the outstanding amount.

## CAUSES OF ACTION
### Count I:
### Breach of Contract

22. The Plaintiff repeats the above allegations.

23. Pursuant to the Agreements detailed above, the Defendant agreed to provide payment to the Plaintiff within 30 days of invoicing for services the Plaintiff performed at Defendant's request.

24. The Plaintiff performed its obligations under the Agreements.

25. In breach of its obligations under the Agreements, the Defendant failed and refused to pay the Plaintiff on invoices sent to Defendant.

26. The Defendant also failed to voice any objection to the invoices.

27. The Defendant failed to pay the Plaintiff in the amount of $392,257.91.

28. As a result, the Plaintiff has suffered damages, including attorney's fees.

### Count II:
### Unjust Enrichment

29. The Plaintiff repeats the above allegations.

30. The Plaintiff expended time, energy, money, and resources in providing services to the Defendant.

31. The Plaintiff conferred a substantial benefit upon the Defendant.

*Leidos Health, LLC v. Governor Juan F. Luis Medical Center*      Case No.:_____
Complaint      Page 5

32. The Plaintiff has not been paid.

33. The Defendant has been unjustly enriched by using the Plaintiff's services while failing to pay amounts as agreed.

34. The Defendant's actions are inequitable and unjust.

35. Accordingly, Plaintiff seeks the outstanding balance of $392,257.91, plus pre- and post-judgment interest, incidental damages, consequential damages, and attorney fees.

Count III:
Quantum Meruit

36. The Plaintiff repeats the above allegations.

37. Alternatively, if no contract was formed, the Plaintiff is entitled to payment on the basis of quantum meruit for the work performed under the Agreements negotiated.

38. The Plaintiff reasonably rendered services to the Defendant, as a result of which a benefit was knowingly accepted by the Defendant.

39. The Plaintiff is entitled to reasonable compensation for the services.

40. The Defendant knowingly accepted the benefit of the Plaintiff's services and, as such, owes reasonable compensation for them.

**WHEREFORE**, the Plaintiff seeks damages, as set forth above, including all consequential damages in the amount of $392,257.91, along with interest, costs, and attorney fees, and any other damages deemed just and equitable.

Dated: December 8, 2017      Respectfully submitted,

**LAW OFFICES OF KARIN A. BENTZ, P.C.**

/s/Karin A. Bentz
**KARIN A. BENTZ, ESQ. (V.I. Bar No. 413)**
32B Dronningens Gade, Suite XB
5332 Raadets Gade, Suite 3
St. Thomas, VI 00802-6309
Telephone: 340-774-2669
Facsimile: 340-774-2665
Email: kbentz@virginalaw.com

*Leidos Health, LLC v. Governor Juan F. Luis Medical Center*      Case No.:_____
Complaint      Page 6